```
                 UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION
```

**THWANDA MAGEE, INDIVIDUALLY,**
**AND AS MOTHER AND NEXT FRIEND OF**
**MINOR 1, MINOR 2, AND MINOR 3**                              **PLAINTIFF**

**v.**                              **CIVIL ACTION NO. 5:19-cv-52-DCB-MTP**

**PIKE COUNTY;**
**KENNY COTTON, IN HIS OFFICIAL**
**CAPACITY; BENA WILLIAMS-JONES,**
**IN HER INDIVIDUAL AND OFFICIAL**
**CAPACITY; OTHER UNKNOWN EMPLOYEES**
**AND ELECTED OFFICIALS OF PIKE**
**COUNTY, IN THEIR INDIVIDUAL AND/OR**
**OFFICIAL CAPACITIES**                                       **DEFENDANTS**

## ORDER

This cause is before the Court on Defendant Bena Williams-Jones ("Williams-Jones")'s Motion for Judgment on the Pleadings Based on Qualified Immunity [ECF No. 13] and, in the alternative, Motion for Summary Judgment [ECF No. 15].

The Court entered an Order on December 20, 2019 denying in part Williams-Jones' Motion for Summary Judgment [ECF No. 15] and Motion for Judgment on the Pleadings [ECF No. 13]. The Order denied the movant's assertion of qualified immunity as to all claims except for her claim of false arrest and ordered Plaintiff Magee to file a Rule 7(a) <u>Schultea</u> reply as to the remaining false arrest claim. This Order incorporates the discussion and relevant facts as described in the aforementioned Order to File a <u>Schultea</u> Reply.

1

## Background

Defendant Williams-Jones arrested Magee for possession of marijuana and for providing false identifying information. On January 9, 2020, Plaintiff submitted a Schultea Reply and, attached to the same, a proposed Amended Complaint [ECF Nos. 24, 24-1]. Plaintiff argues that Defendant Williams-Jones did not have probable cause to arrest her for possession of marijuana because the drug was discovered as a result of an unreasonable warrantless search of a vehicle located on her curtilage and Williams-Jones had no objective reason to believe that Magee was the person who owned/possessed the marijuana. As to the charge of false statement of identity, Magee asserts that she did not intend to mislead officers and, in fact, correctly identified her boyfriend to Williams-Jones. Having read the Schultea Reply, response thereto, memorandum in support, applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

## Standard of Review

Rule 12(c) of the Federal Rules of Civil Procedure governs a motion for judgment on the pleadings. The standard for addressing such a motion is the same as that for addressing a motion to dismiss under Rule 12(b)(6). See In re Great Lakes Dredge & Co., 624 F.3d 201, 209-10 (5th Cir. 2010). To avoid

2

dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 210(quoting Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint must be enough to raise the right to relief above the speculative level. See id. The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." Id.

Defendant Williams-Jones moves, in the alternative to her Motion for Judgment on the Pleadings, for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. A party is entitled to summary judgment if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court is not permitted to make credibility determinations or weigh the evidence at the summary judgment stage of litigation. See Deville v. Marcantel, 567 F.3d 156, 164 (5th Cir. 2009)(citing Turner v. Baylor Richardson Med. Ctr., 476 F.3d 337, 343 (5th Cir. 2010)). All facts and inferences must be made in "the light most favorable to the nonmoving party." See Sierra Club, Inc. v. Sandy Creek Energy Assoc., L.P., 627 F.3d 134, 138 (5th Cir. 2010)(citation omitted).

## Qualified Immunity

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Qualified immunity is intended to protect public officials from the "burdens of fighting lawsuits which arise from the good-faith performance of their duties." Wren v. Towe, 130 F.3d 1154, 1159 (5th Cir. 1997). Qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." Anderson v. Valdez, 845 F.3d 580, 599-60 (5th Cir. 2016).

"When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." McClendon v. City of Columbia, 305 F.3d 314, 323 (5th Cir. 2002)(en banc). There is a two-prong inquiry to determine whether state actors are entitled to qualified immunity. Id. at 322. The first inquiry is "whether a constitutional right would have been violated on the facts alleged." Id. Second, was the constitutional right clearly established at the time of the actions complained of. Id. "Ultimately, a state actor is entitled to qualified immunity if his or her conduct was

4

objectively reasonable in light of the legal rules that were clearly established at the time of his or her actions." Id.

Courts have discretion to skip the first inquiry and resolve a case solely on "clearly established" grounds. Pearson, 555 U.S. at 240. "To be 'clearly established' for purposes of qualified immunity, '[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" Kinney v. Weaver, 367 F.3d 337, 349–50 (5th Cir. 2004) (en banc)(quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)). To demonstrate that a defendant violated clearly established law, the Plaintiff must show more than a citation to generalized principles of law. The Plaintiff must demonstrate specific authority which places "the statutory or constitutional question confronted by the official beyond debate." See Plumhoff v. Rickard, 572 U.S. 765, 779 (2014). Courts "must be able to point to controlling authority – or robust consensus of persuasive authority – that defines the contours of the right in question with a high degree of particularity." Morgan v. Swanson, 659 F.3d 359, 371–72 (5th Cir. 2011)(internal citations omitted).

**False Arrest Under Section 1983**

Defendant Williams-Jones alleges that she arrested the Plaintiff for: (1) possession of marijuana in contravention of

Miss. Code Ann. § 41-29-139, and (2) providing a false identification in contravention of Miss. Code Ann. § 97-9-79. The Fourth Amendment right to be free from false arrest — arrest without probable cause — was clearly established at the time of Plaintiff Magee's arrest. See, e.g., Gerstein v. Pugh, 420 U.S. 103, 111-12 (1975); Mendenhall v. Riser, 213 F.3d 226, 230 (5th Cir.); Thomas v. Kippermann, 846 F.2d 1009, 1011 (5th Cir. 1988). Therefore, the Court must examine whether the Defendant's actions were reasonable in light of clearly established law.

A § 1983 claim for false arrest is not viable if the arrest is supported by probable cause. Brown v. Lyford, 243 F.3d 185, 189 (5th Cir. 2001). For purposes of qualified immunity, "[e]ven law enforcement officials who 'reasonably but mistakenly conclude that probable cause is present' are entitled to immunity." Mendenhall, 213 F.3d at 230 (quoting Hunter v. Bryant, 502 U.S. 224, 227 (1991)) (other quotation marks and citations omitted). Therefore, we must look to see if: (1) the Defendant had probable cause to arrest Magee, or, if not, (2) whether the Defendant reasonably but mistakenly concluded that probable cause was present.

### A. Probable Cause

"The Supreme Court has defined probable cause as the 'facts and circumstances within the officer's knowledge that are

6

sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" Piazza v. Mayne, 217 F.3d 239, 245-46 (5th Cir. 2000) (quoting Michigan v. DeFillippo, 443 U.S. 31, 37 (1979)). "The existence of probable cause generally establishes the reasonableness of an arrest, rendering the subjective intentions of the arresting officer irrelevant." Johnson v. City of Dallas, 141 F.Supp.2d 645, 648 (N.D. Tex. 2001).

Here, the ultimate issue is what information the Court can consider in making the determination as to whether the Defendant had probable cause to arrest the Plaintiff. Plaintiff argues that the Defendant did not have probable cause to arrest her because the basis of the arrest – the marijuana – was discovered as a result of an unconstitutional search. If Williams-Jones had not conducted an unconstitutional search of the vehicle where the contraband was found, then the Defendant would have had no probable cause to arrest the Plaintiff for possession.

The Fifth Circuit addressed this question in Wren v. Towe and found that there is no reason to ignore evidence discovered in an illegal search when determining whether law enforcement had probable cause. See 130 F.3d at 1158. In Wren, the Fifth Circuit discussed whether law enforcement reasonably seized a

vehicle when the only probable cause to support the seizure came from an illegal search. See id. The Fifth Circuit's reasoning is applicable to the facts at issue here, and the question of whether Williams-Jones reasonably believed she had probable cause to arrest the Plaintiff.

To exclude ill-gotten evidence from consideration of the probable cause analysis would mean applying the exclusionary rule to this case. See id. "The Supreme Court has never applied the exclusionary rule to civil cases, state or federal." Id. "The rationale behind the exclusionary rule is 'to safeguard Fourth Amendment rights generally through its deterrent effect, rather than a personal constitutional right of the party aggrieved,' and application of the rule is 'restricted to those areas where its remedial objectives are thought to be most efficaciously served.'" Id.(citing United States v. Janis, 428 U.S. 433, 446–47 (1976)). The Fifth Circuit has found that, "[b]ased on the deterrent rational and the precedent, there is no reason to ignore and exclude [illegally discovered] evidence" in determining whether law enforcement had probable cause. Id.

Therefore, the Court may consider all of the information known to Defendant Williams-Jones at the time of the arrest to determine the reasonableness of her actions. See id. "When an individual asserts a claim for wrongful arrest, qualified

8

immunity will shield the defendant officers from suit if 'a reasonable officer could have believed [the arrest at issue] to be lawful, in light of clearly established law and the information the [arresting] officers possessed.'" Mendenhall, 213 F.3d at 230.

Here, the Defendant searched a vehicle registered to Magee parked on the Plaintiff's property and found a "pill bottle with a green leafy substance" in it. The Plaintiff notes that the substance was never field tested. Williams-Jones cites to Magee's proposed amended complaint – attached to her Schultea reply, but not filed with the Court – which acknowledges that the vehicle is registered to her and was on her curtilage. [ECF No. 24-1] at 4. However, Magee claims that she told Williams-Jones that she did not drive that particular vehicle and did not know where the marijuana came from. Id. Magee claims that Williams-Jones did not have probable cause to believe she was the individual in possession of the marijuana. However, despite Magee's denials, a reasonable officer could have found probable cause to arrest Magee because the drug was found in her vehicle positioned on her property.

"[O]ne in possession of premises upon which contraband is found is presumed to be in constructive possession of the articles, but the presumption is rebuttable." Powell v. State,

9

355 So.2d 1378, 1379 (Miss. 1978); see also, Arnett v. State, 532 So.2d 1003, 1011 (Miss. 1988)(holding that there was sufficient circumstantial evidence to find that the defendant had constructive possession of marijuana found in a vehicle that was not registered to the defendant but was on the defendant's property"). When looking at the entirety of the evidence available to the Defendant at the time of the arrest, it is clear that the Defendant either had probable cause to arrest the Plaintiff or could have been reasonably mistaken about having probable cause. As such, the Defendant is entitled to the protection of qualified immunity for the Plaintiff's claim that the Defendant falsely arrested her.

Because the Court finds that the Defendant had probable cause to arrest the Plaintiff for possession of marijuana, it is unnecessary to review the Plaintiff's claim that Defendant did not have probable cause to arrest the Plaintiff for providing a false identification. The Fifth Circuit has made clear that "[t]he claim for false arrest does not cast its primary focus on the validity of each individual charge; instead, we focus on the validity of the arrest. If there was probable cause for any of the charges made… then the arrest was supported by probable cause, and the claim for false arrest fails." Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995).

However, upon review, the Defendant would be entitled to qualified immunity for arresting Magee on the basis of providing a false identification. Mississippi Code Annotated Section 97-9-79 provides:

> "Any person who shall make or cause to be made any false statement or representation as to his or <u>another person's identity</u>, social security account number or other identifying information to a law enforcement officer in the course of the officer's duties with the intent to mislead the officer shall be guilty of a misdemeanor and upon conviction thereof shall be fined not more than Five Thousand Dollars ($5,000.00) or imprisoned for a term not to exceed one (1) year, or both." (emphasis added).

Williams-Jones was searching for an African American man with a gun, and, in the course of the search, repeatedly asked Magee where her husband was. Magee was not married at the time, but she was in a relationship with the father of her children. Accordingly, Magee repeatedly informed Williams-Jones that she did not have a husband. However, after more questioning, Magee eventually told the Defendant her boyfriend's name, at which point she was arrested.

As Williams-Jones' asserts in her <u>Schultea</u> Reply, "it is clear that Plaintiff withheld her boyfriend's name, the father of her children, until the end of the questioning when it was clear officers were searching for a male individual that was in the area." [ECF No. 25] at 7. The Plaintiff argues that she never intentionally misled Williams-Jones, but that the

conversation was confusing, and the Defendant was belligerent. That very well may be the case; however, qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." <u>Anderson</u>, 845 F.3d at 599-60. In this case, a reasonable officer may have mistakenly interpreted Magee's apparent reluctance to share her boyfriend's name as probable cause that Magee was providing false information to the Defendant about the man the officer was searching for.

<u>Conclusion</u>

Qualified immunity shields Defendant Williams-Jones from suit regarding the Plaintiff's claim of false arrest. However, as per the Court's Order entered on December 20, 2019, Defendant Williams-Jones' assertion of qualified immunity fails as to the Plaintiff's claim that Williams-Jones violated Magee's Fourth Amendment right to be free from an unreasonable search and Magee's right to be free from an unreasonable seizure. The mere fact that Williams-Jones is not shielded by qualified immunity for these claims does not impute liability upon the Defendant. Instead, by partially denying summary judgment and partially denying the protection of the qualified immunity, the Court finds that there are genuine issues of material fact as to these claims and that it is the responsibility of a jury, as the finders of fact, to address the issues accordingly.

Therefore,

IT IS HEREBY ORDERED AND ADJUDGED that the Defendant Williams-Jones' Motion for Judgment on the Pleadings Based on Qualified Immunity [ECF No. 13] is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Defendant Williams-Jones' Motion for Summary Judgment [ECF No. 15] is GRANTED in part and DENIED in part.

SO ORDERED this the 1st day of April, 2020.

                                                       _/s/ David Bramlette_____
                                                      UNITED STATES DISTRICT COURT