## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

**THWANDA MAGEE, INDIVIDUALLY**
**AND AS MOTHER AND NEXT FRIEND OF**
**MINOR 1, MINOR 2 AND MINOR                      PLAINTIFF**

**VS.**                    **CIVIL ACTION NO.5:19-cv-00052 DCB-MTP**

**BENA WILLIAMS-JONES, IN HER**
**INDIVIDUAL CAPACITY;**
**DEPUTY J. WALKER, IN HIS**
**INDIVIDUAL CAPACITY;**
**DEPUTY T. JOHNSON, IN HIS**
**INDIVIDUAL CAPACITY; and,**
**OTHER UNKWNOWN EMPLOYEES**
**AND ELECTED OFFICIALS OF**
**PIKE COUNTY, IN THEIR INDIVIDUAL**
**CAPACITIES                                    DEFENDANTS**

**JURY TRIAL DEMANDED**

### AMENDED COMPLAINT[1]

**COMES NOW** Thwanda Magee, Individually and as Mother and Next Friend of Minor 1, Minor 2 and Minor 3 ("Plaintiff Magee"), files this Amended Complaint in an action to recover damages against Pike County, Deputy Lieutenant Bena Williams-Jones individually ("Deputy Williams-Jones"); Deputy J. Walker individually ("Deputy Walker") and Deputy T. Johnson individually ("Deputy Johnson"),  and certain unknown Pike County employees or elected officials in their individual capacities (Doe Defendants) pursuant to the United States Constitution, MISS. CODE ANN. § 11-45-1, *et. seq*., and other applicable authority. This is an action to recover damages for violation of rights

---

[1] Plaintiffs file the Amended Complaint pursuant to the Court's Order [DOC.] 41.

guaranteed by the United States Constitution Fourth and Fourteenth Amendments as well as state law. The following facts support the action:

## PARTIES

### 1.

Collectively, Ms. Magee and her three minor children are resident citizens of 1023 Camellia Lane Apartment D, McComb, Mississippi 39648. The three children were all under the age of 10 at the time of the events described herein. Thwanda Magee is the natural mother and next friend of all three minors.

### 2.

a. Defendant Deputy Bena Williams-Jones, in her individual capacity, may be served at 2109 Jesse Hall Industrial Park Road, Magnolia, Mississippi 39652 or her counsel of record;

b. Defendant Deputy J. Walker, in his individual capacity, may be served at 2109 Jesse Hall Industrial Park Road, Magnolia, Mississippi, 39652 or his counsel of record;

c. Defendant Deputy T. Johnson, in his individual capacity, may be served at 2109 Jesse Hall Industrial Park Road, Magnolia, Mississippi, 39652 or his counsel of record; and,

d. Other defendants, unknown at this time, are employees or elected officials who may have participated in the acts described herein. Upon learning the identity of one or more defendants, plaintiffs reserve the right to add each as a named party.

## JURISDICTION AND VENUE

### 3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331 for cause of action arising under the Fourth, Fourteenth, and other Amendments of the United States

Constitution. This action is authorized by 42 U.S.C. § 1981, 1983 and other applicable authority.  The Court has supplemental jurisdiction over any pendant state law claims pursuant to 28 U.S.C. § 1367(a).

### STATEMENT OF FACTS

4.

On April 18, 2018, Ms. Magee had completed her work day at Magnolia Electric Power and was returning to her then home located at 1021 Marley Lane, McComb Mississippi, at approximately 5:30 p.m.

5.

At or near the time Ms. Magee arrived home, Pike County law enforcement officers were in her drive-way looking for a "black male" carrying a gun. Upon arriving home, Pike County Deputy Lieutenant Williams-Jones and other subordinate deputies began questioning Ms. Magee regarding the location of the unidentified man.

6.

Ms. Magee informed the deputies that she was returning home from work and did not know the location of any purported man with a gun.

7.

Unsatisfied with Ms. Magee's response, Deputy Williams-Jones and/or Deputies Walker and Johnson searched Ms. Magee's mobile home, vehicle and another vehicle located on Ms. Magee's property; said searches were conducted without a search warrant or Ms. Magee's consent.

8.

During this time Ms. Magee was detained ("seized") by Pike County deputies without reasonable suspicion that she had committed any crime.

9.

While detained, Deputy Williams-Jones asked Ms. Magee for the name of her husband. Ms. Magee informed the deputy that she is not and never has been married.

10.

Next, the deputies searched without consent a parked vehicle registered to Ms. Magee; said vehicle was parked on Ms. Magee's curtilage.

11.

The parked vehicle's windows were down and the doors were unlocked, thus making the vehicle accessible to anyone. Importantly, it was not the vehicle officers observed Ms. Magee driving home from work.

12.

During Deputy Williams-Jones and/or Deputies Walker and Johnson's search of said vehicle parked on private property, Deputy Williams-Jones allegedly found a "pill bottle with a green leafy substance." The "green leafy substance" was never field tested.

13.

Ms. Magee denied that she owned the pill bottle and any unknown substance found therein, reminding officers that she was returning home from work in a different vehicle.

14.

Ms. Magee further informed the deputies that she does not drive the parked vehicle, and that she did not know the source of the substance.

15.

Deputy Williams-Jones stated, "someone is going to jail since I had to burn gas coming out here", or words to that effect.

16.

Deputy Williams-Jones continued asking Ms. Magee for the name of her husband. The conversation was confusing and the Deputy was belligerent. At some point, Ms. Magee did provide Deputy Williams-Jones with the name of her *boyfriend*.

17.

Ms. Magee was handcuffed, transported to the Pike County jail via Pike County Sheriff's office vehicle, and held overnight.

18.

Thereafter, Lieutenant Williams-Jones prepared—but did not execute—Affidavits in the Justice Court of Pike County charging Magee with possession of marijuana in violation of MISS. CODE. ANN. § 41-29-139, and providing false identifying information in violation of MISS. CODE. ANN. § 97-9-79. Lieutenant "Bena Jones" was the purported affiant on each affidavit.

19.

Concurrent with her arrest, Pike County Deputies contacted the Department of Human Services and/or other state agency to remove ("seize") Ms. Magee's minor children from her custody without legal justification and in violation of the Minors' rights.

20.

The next day, Ms. Magee appeared in Pike County Justice Court while in a jumpsuit and handcuffs whereupon both charges were disposed as "dismissed; charges withdrew" via notation by a Pike County Justice Court Judge.

21.

Ms. Magee was subsequently released from custody. However, her children remained seized and separated from her for another three months.

22.

Ms. Magee had never been arrested until this incident.

23.

Ms. Magee is neither a man, nor was she in possession of a firearm on the day in question.

**CAUSES OF ACTION**

24.

Plaintiff incorporates by reference paragraphs 1 through 23 above as though each was restated entirely.

25.

Deputy Williams-Jones and/or Deputies Walker and Johnson violated Ms. Magee's Fourth and Fourteenth Amendment United States Constitutional rights when they:

    a.    Detained her without articulating a reasonable suspicion that she committed a crime; and/or,

    b.    Searched her home and curtilage without consent or a warrant.

26.

Deputy Williams-Jones and/or Deputies Walker and Johnson violated the Minor Children's Fourth and Fourteenth Amendment United States Constitutional rights when they:

    a.    Detained the Minor Children without articulating a reasonable suspicion that any child committed a crime;

    b.    Searched the Minors' residence illegally;

    c.    Seized the Minors' Mother without probable cause to believe she committed a crime; and/or,

    d.    Contacted the Mississippi Department of Human Services to "seize" the Minor Children by removing them from their Mother and home without proper justification.

27.

Under Mississippi law, the actions of the deputies constitutes reckless disregard for the constitutional rights of Plaintiff Magee individually and the constitutional rights of the Minor children.

## DAMAGES

### 28.

Plaintiff adopts and restates by reference paragraphs 1 through 27 above as though each was restated entirely.

### 29.

The action/inactions of the defendants, jointly and severally, proximately caused damages to plaintiff Magee, individually, and to the three minor children as follows:

a.   Past present and future mental anguish to each plaintiff;

b.   Removal of plaintiff Magee's minor children without due process;

c.   Incurring of expenses paid for relocation, lost rental deposits, loss of income, and other associated expenses;

d.   Expenses for medical psychological and/or other counseling and other costs associated with past, present and/or future therapy or treatment; and,

e.   Such other damages as permitted by law.

## REQUEST FOR RELIEF

Plaintiffs request actual, compensatory and punitive damages in an amount to be determined upon a trial of this matter, and for reasonable attorneys' fees and expenses, interest on any award, and for any other damages allowed by law.

Respectfully submitted this the 24th day of July, 2020.

THWANDA MAGEE, INDIVIDUALLY, AND AS
NATURAL PARENT AND NEXT FRIEND OF
HER THREE MINOR CHILDREN


By: /s/Anthony R. Simon
    ANTHONY R. SIMON, MSB #10009

SIMON & TEEUWISSEN, PLLC
621 EAST NORTHSIDE DRIVE
JACKSON, MISSISSIPPI 39206
OFFICE:    601-362-8400